IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69132-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ABRAHAM ULLOA-DURAN, | ) | UNPUBLISHED OPINION |
| aka ABRAHAM DEL TRASITO-ULLOA, | ) | |
| | ) | |
| Appellant. | ) | FILED: September 23, 2013 |
| | ) | |

BECKER, J. — A jury convicted Abraham Ulloa-Duran of two counts of second degree rape of a child for acts involving his niece, MG. During closing argument, the prosecutor reminded jurors of the oath they had taken, asked them if they had the courage to "do the right thing," and encouraged them not to turn their backs on the victim. Ulloa-Duran did not object to the remarks at trial. The remarks were improper, but they were not so flagrant and ill intentioned as to be incurably prejudicial. We affirm.

To establish prosecutorial misconduct, Ulloa-Duran must show that the remarks were "'both improper and prejudicial in the context of the entire record and the circumstances at trial.'" State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008), quoting State v. Hughes, 118 Wn. App. 713, 727, 77 P.3d 681 (2003). A defendant establishes prejudice by showing there is "a substantial

likelihood" that the remark affected the jury's verdict. Magers, 164 Wn.2d at 191.

The "'failure to object to an improper remark constitutes a waiver of error unless

the remark is so flagrant and ill intentioned that it causes an enduring and

resulting prejudice that could not have been neutralized by an admonition to the

jury.'" State v. Thorgerson, 172 Wn.2d 438, 443, 258 P.3d 43 (2011), quoting

State v. Russell, 125 Wn.2d 24, 86, 882 P.2d 747 (1994), cert. denied, 514 U.S.

1129 (1995).

The portion of the prosecutor's argument at issue is as follows:

> I get it, you guys have a difficult job ahead of you . . . . It's
> got to be a little frustrating, right, that the lawyers here get to call
> the witnesses, get to ask questions, and you don't have to -- you
> don't get to do that. But no one told you that this process was
> going to be easy, that being a juror it was going to be easy, it's not.
> It's a tough job. And this is a serious case.
> But the easiest thing for all of you to do is to turn your back
> on [MG], to throw your hands up in the air and to say, I don't care, I
> don't know what happened. He denies it. You took an oath to
> determine -- you took an oath to do what's fair and to evaluate the
> evidence from the testimony and the credibility of the witnesses.
> It's going to take courage to decide to convict someone. It's going
> to take courage to uphold the law. The State is asking, do you
> have the courage in this case to do the right thing, to hold this man
> accountable for what he did to [MG], and to find him guilty.

The remarks about the jury's oath, followed by asking jurors to have the

courage to "do the right thing" and "find him guilty," were improper. It is

misconduct for a prosecutor "to try to exhort a jury to 'do its job'; that kind of

pressure, whether by the prosecutor or defense counsel, has no place in the

administration of criminal justice." United States v. Young, 470 U.S. 1, 18, 105 S.

Ct. 1038, 1047-48, 84 L. Ed. 2d 1 (1985). Similarly, this court has held it is

improper for the State to make an argument that could be construed as "telling

the jury that it would violate its oath if it disagreed with the State's theory of the evidence." State v. Coleman, 74 Wn. App. 835, 838-39, 876 P.2d 458 (1994), review denied, 125 Wn.2d 1017 (1995). "We cannot emphasize enough the unnecessary risk of reversal that such argument creates." Coleman, 74 Wn. App. at 841.

But as in Coleman, the remarks here were brief and isolated, and we "are confident that the jury was guided by the weight of the evidence, not the prosecutor's improper comments." Coleman, 74 Wn. App. at 841. The rest of the argument did not dwell on the jury's oath or notions of courage or "doing the right thing."

Ulloa-Duran also contends the prosecutor improperly played on the jury's passions and sympathy by urging them not to turn their backs on MG by throwing their hands up and saying, "I don't care, I don't know what happened." Although a prosecutor has wide latitude to argue reasonable inferences from the evidence, she "'should not use arguments calculated to inflame the passions or prejudices of the jury.'" In re Pers. Restraint of Glasmann, 175 Wn.2d 696, 704, 286 P.3d 673 (2012), quoting AMERICAN BAR ASSOCIATION, STANDARDS FOR CRIMINAL JUSTICE std. 3-5.8(c) (2d ed. 1980).

Ulloa-Duran relies on two Kansas cases involving improper appeals to sympathy. In State v. Adams, the prosecutor argued the trial was a murder victim's "only chance he will ever have to have someone held accountable for taking his life." Adams, 292 Kan. 60, 253 P.3d 5, 11-12 (2011). While the court held the comment was improper, the passing reference to the victim was "not

gross or flagrant" and did not constitute plain error warranting reversal. Adams, 292 Kan. at 68-69. In State v. Tosh, the court found Tosh had been deprived of a fair trial where there were multiple instances of prosecutorial misconduct, including argument that defense counsel would "kind of rape" a victim again and implying the defendant had the burden of proof to establish his innocence. Tosh, 278 Kan. 83, 91 P.3d 1204, 1210 (2004).

The prosecutor's remark asking jurors not to turn their backs on MG is more like the passing reference in Adams than the egregious misconduct warranting reversal in Tosh. When considering a claim that misconduct requires reversal, we review the remark in the context of the entire case. Russell, 125 Wn.2d at 86. The comment appears to be highlighting the testimony that most of MG's family did turn their backs on her and were unsupportive and antagonistic when she disclosed the abuse. Her mother forced her to confront Ulloa-Duran in front of the family and berated her for making her uncle hire an attorney. When MG's brother came to her defense, he was kicked out of the house. An aunt who was present when Ulloa-Duran was arrested called MG a "bitch" and threatened to have her and her family deported.

The jury was properly instructed to base its verdict "on the facts proved to you and on the law given to you, not on sympathy" or argument unsupported by the evidence. We presume the jury followed the court's instructions. Thorgerson, 172 Wn.2d at 444. Ulloa-Duran fails to demonstrate that the prosecutor's comments were incurably prejudicial. Cf. State v. Claflin, 38 Wn. App. 847, 850-51, 690 P.2d 1186 (1984) (prosecutor's reading of a poem

"utilizing vivid and highly inflammatory imagery" describing rape's emotional effect was "so prejudicial that no curative instruction would have sufficed to erase the prejudice it was bound to engender in the minds of the jurors"), review denied, 103 Wn.2d 1014 (1985). Had Ulloa-Duran objected to the remarks of which he now complains, the court could have cured any prejudice by repeating or elaborating on the instructions.

Affirmed.

Becker, J.

WE CONCUR:

Leach, C.J.

Cox, J.